### MOORISH VANGUARD CONCERT

v.

**James BROWN; James Brown Enterprises; S & B Publishing Company; Charles Shafer; International Recording Studios, Inc.; Polydor Corporation.**

Civ. A. No. 79–1429.

United States District Court,
E. D. Pennsylvania.

Oct. 7, 1980.

Dwight Thomas Peterson, Philadelphia, Pa., for plaintiff.

Henry Kolowrat, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the plaintiff's two applications for the award of counsel fees and costs in connection with the instant action. For the reasons stated below, the Court will award plaintiff's counsel total fees in the amount of $3,000 and out–of–pocket costs of $58.24.

This action was commenced in May of 1979 by plaintiff Moorish Vanguard Concert, seeking monetary relief against defendants for an alleged copyright infringement. On February 28, 1980, this Court entered a default judgment against defendants James Brown, James Brown Produc-

tions and S & B Publishing Company in the amount of $12,585, plus costs and attorney fees. Plaintiff seeks $2,737.50 in attorney fees for that portion of this action, which is unopposed. Subsequently, following a brief non–jury trial, judgment was entered against defendant Polydor, Inc. ("Polydor"), in the amount of $5,700, representing statutory damages of one dollar per record pressed. Plaintiff's complaint as to defendants Charles Shafer and International Recording Studios, Inc., was dismissed at trial. In addition, plaintiff was granted reasonable attorney fees against Polydor. Plaintiff's counsel have presented to the Court a second application for fees totaling $29,325 against defendant Polydor, to which Polydor has filed a response.

■ This Court may, in its discretion, grant attorney fees in a copyright infringement case, but such an award must be reasonable. 17 U.S.C. § 505. Plaintiff's counsel, through both applications for fees, claim to have expended 426.5 hours of attorney time (390 assessed against Polydor) at an hourly rate of $75. In determining the reasonableness of this request, the Court is bound by the analysis formulated in *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 540 F.2d 102, 116–118 (3d Cir. 1976) (*en banc*) ("*Lindy II*"), and *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161, 166–169 (3d Cir. 1973) ("*Lindy I*"). Among the factors which the Court may consider in determining the amount of fees that should be awarded are:

(1) whether plaintiff's counsel had the benefit of a prior judgment or decree in a case brought by the Government,

(2) the standing of counsel at the bar– both counsel receiving the award and the opposing counsel,

(3) time and labor spent,

(4) magnitude and complexity of the litigation,

(5) responsibility undertaken,

(6) the amount recovered,

(7) the knowledge the court has of conferences, arguments that were presented and of work shown by the record to have been done by attorneys for the plaintiff prior to trial,

(8) what it would be reasonable for counsel to charge a victorious plaintiff. *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir. 1974), *quoting Trans World Airlines, Inc. v. Hughes*, 312 F.Supp. 478, 480 (S.D.N.Y.1970). Accordingly, for the following reasons, the Court finds the time expended and hourly rates charged to be unreasonable.

At the commencement of this action in May of 1979, the plaintiff's three attorneys had been admitted to the bar for 3½ years, 2 years and 1 month, respectively. During the course of pretrial and trial proceedings and in their pleadings and memoranda of law, counsel exhibited only limited knowledge in the area of copyright law. While the issues presented in this brief litigation were neither relatively novel nor complex, the Court was provided with little guidance in counsel's legal memoranda on the issues presented. Furthermore, the following examples evidence the unnecessary duplication of effort and preparation, for which plaintiff's counsel seek $75 per hour:

(1) Counsel claims 19 hours for client contact.

(2) Attorney Dwight Peterson expended 13 hours for initial research and complaint preparation. Attorney Maley Peterson expended 16½ hours and attorney Robert Faber expended 12 hours for the *same* preparation.

(3) The three attorneys claim a total of 49 hours for discussion and conferences throughout the case. They also claim an additional 24 hours for trial strategy sessions.

This was all for a trial which had very few witnesses, a relatively simple factual background and lasted a total of two days.

Unfortunately, this Court is unable to give more precise examples due to the incomprehensible records submitted to it by counsel. These examples do, however, indicate an apparent duplication of legal effort in an uncomplicated case, making a claim for 426.5 hours of attorney time unreasonable. Furthermore, the requested hourly rate of $75, counsel's highest rate charged, is unjustifiable under these circumstances.

[C]ounsel who possess or are reputed to possess more experience, knowledge and legal talent generally command hourly rates superior to those who are less endowed. Thus, the quality of an attorney's work *in general* is a component of the reasonably [*sic*] hourly rate . . . .

*Lindy II, supra*, 540 F.2d 102, 117 (3d Cir. 1976). Thus, the Court believes counsel in this case, by reason of their experience, knowledge and ability, are entitled to an hourly rate in the range of $35 to $50 per hour. In addition, the Court is aware of the existence of a contingent–fee arrangement between plaintiff and its counsel.

Accordingly, based upon the above factors, the Court will award fees and costs in the total amount of $3,058.24–$2,520.32 to be assessed against Polydor and $537.92 against the defaulting defendants. An appropriate Order will be entered.